Lin v. Holder

BIA
Vomacka, IJ
A079 419 194

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand thirteen.

PRESENT:

> DENNIS JACOBS,
>> *Chief Judge,*
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
>> *Circuit Judges.*

_____

QING YUAN LIN,
> *Petitioner,*

    v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-3547

NAC

_____

FOR PETITIONER:    Vlad Kuzmin, Kuzmin & Associates, P.C., New York, New York.

**FOR RESPONDENT:** Stuart F. Delery, Acting Assistant Attorney General; Leslie McKay, Assistant Director; Christopher Buchanan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Qing Yuan Lin, a native and citizen of China, seeks review of a July 28, 2011, decision of the BIA affirming the September 16, 2009, decision of Immigration Judge ("IJ") Alan A. Vomacka denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qing Yuan Lin*, No. A079 419 194 (B.I.A. July 28, 2011), *aff'g* No. A079 419 194 (Immig. Ct. N.Y. City Sept. 16, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, because the BIA explicitly declined to consider

2

the IJ's adverse credibility determination, we assume, without deciding, that Lin was credible. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Mirzoyan v. Gonzales*, 457 F.3d 217, 221 (2d Cir. 2006).

**I.  Family Planning Claim**

As the agency concluded, Lin was not eligible for asylum solely on the basis of his wife's forced sterilization. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007). He could still qualify for asylum or withholding of removal by demonstrating that: (1) he engaged in "other resistance" to the family planning policy; and (2) he suffered harm rising to the level of persecution, or he had a well-founded fear or likelihood of suffering such harm as a direct result of his resistance. *See id.* at 313; *see also* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b).

The BIA assumed that Lin had engaged in resistance to China's family planning policy, but reasonably determined that he did not establish harm rising to the level of

3

persecution based on fines imposed.  An applicant alleging that he has suffered economic persecution must make at least a showing of a "deliberate imposition of a substantial economic disadvantage."  *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67 (2d Cir. 2002).  Economic persecution includes "the deliberate imposition of a severe economic disadvantage or the deprivation of liberty, food, housing, employment or other essentials of life," *Matter of T-Z-*, 24 I. & N. Dec. 163, 171 (BIA 2007) (quotation marks and citation omitted), though an applicant "need not demonstrate a total deprivation of livelihood or a total withdrawal of all economic opportunity in order to demonstrate harm amounting to persecution," *id.* at 173.  As the agency concluded, Lin presented no evidence regarding his net worth in China or in the United States, or that the fines had a negative impact on his life.  He therefore failed to show that the fines were a severe burden.  *See Guan Shan Liao*, 293 F.3d at 70.

Nor did the agency err in finding no objectively reasonable fear of future persecution because Lin admitted that, after he refused to pay the fine, he remained unharmed in China for more than six years and that his family remains there unharmed more than fourteen years later.  *See Melgar*

4

*de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).  Since Lin failed to demonstrate either past persecution or a well-founded fear of persecution, the agency reasonably denied him asylum, withholding of removal, and CAT relief insofar as those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

**II.  Illegal Departure Claim**

Lin did not establish his eligibility for CAT relief based on his illegal departure from China.  An alien is not "entitled to CAT protection based *solely* on the fact that []he is part of the large class of persons who have illegally departed China," and Lin failed to submit particularized evidence suggesting that he is likely to be imprisoned and subject to torture in China.  *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 157-60 (2d Cir. 2005). (emphasis in original)

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk